IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MONIQUE JUSTIN, individually, as successor to ANDRE MAURICE BROWN, et al.,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendant(s). | No. C 05-4812 MEJ<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM PRETRIAL SCHEDULING ORDER**<br><br>**ORDER SCHEDULING HEARING RE: DEFENDANTS' SUMMARY JUDGMENT MOTION** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Relief from Pretrial Scheduling Order and to Reopen Discovery. (Doc. #40.) In their motion, Plaintiffs request additional time to respond to Defendants' summary judgment motion, file a motion for leave to file an amended complaint, designate experts, and complete discovery. For the following reasons, the Court **DENIES** Plaintiffs' motion.

## BACKGROUND

Given the nature of Plaintiffs' request, the Court finds a review of the procedural background in this matter appropriate. On November 23, 2005, Plaintiffs filed a complaint under 42 U.S.C. § 1983, as well as state law causes of action, based on the death of Andre Maurice Brown during an apparent arrest attempt by the San Francisco Police Department. On June 16, 2006, the parties submitted a Joint Case Management Statement, in which Defendants identified the names of the officers and paramedics who were involved in the incident, and what role they played in the incident. (Doc. #10.) After review of the parties' statement, the Court issued a Case Management

Order which set the following pertinent deadlines:

| | |
|---|---|
| Fact Discovery Cut-off | February 23, 2007 |
| Expert Disclosure | February 23, 2007 |
| Rebuttal Experts | March 9, 2007 |
| Summary Judgment filing deadline | March 22, 2007 |
| Expert Discovery Cut-off | April 26, 2007 |
| Trial | August 27, 2007 |

On September 14, 2006, Plaintiffs associated attorney Matt Kumin into the case. (Doc. #12.)

During the eight-month discovery period in this case, Plaintiffs served a single set of written discovery requests - for documents - to which Defendants served objections and responses on January 10, 2007. (Bliss Decl. ¶2.) The responsive documents included a copy of the police report, which identified the names of the officers and paramedics involved in the incident. (Bliss Decl. ¶ 2.)

On February 12, 2007, the parties participated in a settlement conference before the Honorable Wayne D. Brazil, at which time the case did not settle.

On February 13, 2007, Plaintiffs served notices for the depositions of ten San Francisco City employees (including officers, paramedics, and the medical examiner), all of which were noticed to take place on February 23, 2007 at 10:00 a.m. (Bliss Decl. ¶ 3.) Defendants objected to the depositions, and Plaintiffs took the depositions off calendar. In Defendants' confirming letter to Plaintiffs' counsel, Defendants noted that if the Plaintiffs desired the depositions to go forward, they would have to make "an appropriate motion for a continuance of the discovery cut-off [deadline] with the Court." (Bliss Decl. ¶ 3 & Ex. A.)

On February 23, 2007, Defendants made their expert disclosures. (Bliss Decl. ¶ 4.) Plaintiffs did not disclose any experts. (Bliss Decl. ¶ 4.)

On March 5, 2007, the parties filed two joint letters with the Court regarding discovery disputes based on Plaintiffs' failure to provide interrogatory responses and depositions. (Doc. ## 15, 16.) On March 7, the Court ordered Plaintiffs to answer Defendants' outstanding written interrogatories within thirty days and to submit to depositions within thirty days of conclusion of a trial in the San Francisco Superior Court to which Randall Knox, Plaintiffs' counsel, was assigned. (Doc. ## 17, 18.) To date, Plaintiffs have not provided responses to the interrogatories or submitted

2

1 to depositions. (Bliss Decl. ¶ 5.)

2 Based on Mr. Knox's participation in the superior court trial, the Court also asked the parties to indicate whether the dispositive motion cut-off date, pretrial dates, and trial date would need to be moved. (Doc. #19.) Based on the parties' response, the Court granted a continuance of nearly six months and established the following revised schedule:

| | |
|---|---|
| Summary Judgment Filing Deadline: | September 13, 2007 |
| Opposition Deadline | September 27, 2007 |
| Trial | February 19, 2008 |

(Doc. #22.) The parties' status report indicated that the continuance was necessary because Mr. Knox would be "solely responsible" for opposing Defendants' anticipated summary judgment motion. (Doc. #20.) Further, as the discovery and expert deadlines had already passed, and neither party requested a continuance of these dates, the Court did not continue the discovery and expert deadlines.

On September 12, 2007, Plaintiffs dismissed Sonya Justin, Lynette Richie, and Kimberly Justin based on their lack of standing, and dismissed Lisa Monique Justin in her individual capacity. (Doc. #25.)

On September 13, 2007, Defendants filed their currently-pending summary judgment motion. (Doc. #31.) Although Plaintiffs' opposition was due on September 27, 2007, they failed to file an opposition or request for continuance. Accordingly, the Court issued an Order to Show Cause on October 3, 2007, and vacated the hearing on Defendants' summary judgment motion. (Doc. #33.) Mr. Knox filed a response to the OSC on October 11, 2007, and requested thirty additional days to find additional counsel to assist in opposing the pending motion. (Doc. #34.) In his response, Mr. Knox stated that Matt Kumin had advised him that he "would no longer participate in the case." (Doc. #34, ¶ 4.) In response, the Court vacated the OSC and continued the deadline for filing an opposition to November 15, 2007. (Doc. #35.)

On November 26, 2007, based on Plaintiffs failure to file an opposition or request for continuance in compliance with the November 15, 2007 Order, the Court vacated all pending pretrial and trial dates, and granted Plaintiffs a "final opportunity to file an opposition." (Doc. #36.)

3

1 Plaintiffs' opposition was due on December 13, 2007. (*Id.*) In its order, the Court noted the
2 following: "As this is the third opportunity to file an opposition, any failure to comply with this
3 deadline shall result in dismissal of this case for failure to prosecute, pursuant to Federal Rule of
4 Civil Procedure 41." (*Id.*)

On December 13, 2007, rather than filing an opposition, Plaintiffs filed the instant motion seeking an extension of all the deadlines in this case, including those that have already expired. Defendants filed an opposition on December 28, 2007. Plaintiffs filed no reply.

On February 25, 2008, the Court held a hearing on the matter. Randall Knox appeared on behalf of Plaintiffs. Kimberly Bliss appeared on behalf of Defendants.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Rule") 16, "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations omitted). Although the primary focus is upon the moving party's reasons for seeking modification, the Court may also consider the existence or degree of prejudice to the party opposing the modification. *Id.* (citations omitted). In summary, "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609)).

**A.  Plaintiffs Have Not Established Good Cause To Extend The Discovery Deadline**

Under Rule 16's standard, the Court finds that Plaintiffs have not established good cause for an extension of the discovery deadline. During the eight-month discovery period in this case,

4

Plaintiffs served a single set of written discovery requests - for documents - to which Defendants served objections and responses on January 10, 2007. (Bliss Decl. ¶ 2.) Moreover, Plaintiffs did not serve any deposition notices until the last possible day, and then tried to notice the depositions of ten separate defendant employees on the day of the discovery cut-off. (Bliss Decl. ¶ 3.) Plaintiffs also failed to disclose any experts.

In addition, Plaintiffs failed to provide Defendants with discovery, despite Court orders requiring them to do so. On March 5, 2007, the parties filed two joint letters regarding discovery disputes based on Plaintiffs' failure to provide interrogatory responses and depositions. (Doc. ## 15, 16.) On March 7, the Court ordered Plaintiffs to answer Defendants' outstanding requests, (Doc. ## 17, 18), yet Plaintiffs failed to comply with these orders. (Bliss Decl. ¶ 5.)

Plaintiffs' counsel indicates that this lack of diligence is due to his participation in a trial in San Francisco Superior Court during March and April 2007. However, this explanation fails to justify Plaintiffs' lack of diligence between December 2005, when this case was filed, and February 2007, when the superior court trial began. By Mr. Knox's own admission, that matter was dismissed on June 19, 2007. (Doc. #40 at 11:3-4.) Mr. Knox's conclusory assertion that he had "additional criminal trials and hearings between July and November 2007," (Doc. #40 at 11:6-7), is not only insufficient to establish good cause, but also seems to ignore the calendars of this Court and defense counsel. Moreover, during this same time period, Plaintiffs' counsel was able to participate in this case by dismissing several individual plaintiffs and reviewing and submitting a Joint Statement of Undisputed Facts. (Doc. ##25, 28.) There is no explanation why Plaintiffs' counsel could not have also filed the instant motion between June and December 2007.

The Court also notes that Matt Kumin, who, according to Mr. Knox, is "a lawyer with extensive experience in police cases, including those alleging wrongful death," (Doc. #40 at 10:4-6), has been counsel of record for Plaintiffs from September 2006 to the present. Although Mr. Knox states that he "believes" Mr. Kumin filed a formal withdrawal from the case, no such withdrawal exists. Moreover, while Mr. Knox states that he was looking for another attorney to assist him on this case, he failed to seek timely extensions of the deadlines provided by the Court's scheduling

orders. Despite Mr. Knox's "limited experience" in civil litigation, the Court is unaware of any cases in which counsel's inexperience was deemed good cause for failing to diligently conduct discovery or comply with court-ordered scheduling deadlines.

Finally, Plaintiffs have known since February of 2007 - if not before - that they would need to seek an extension of the discovery deadline. On February 20, 2007, Defendants noted in correspondence that if the Plaintiffs desired to conduct depositions, they would have to make "an appropriate motion for a continuance of the discovery cut-off [deadline] with the Court." (Bliss Decl. ¶ 3 & Ex. A.) Thus, Plaintiffs have known, at a minimum, for almost one year of their need to seek the Court's permission to extend the discovery cut-off. *See, e.g., Pembroke v. City of San Rafael*, 1994 WL 443683, at *3 (N.D. Cal.) (delay of five months in seeking modification of deadline under scheduling order did not establish diligence).

Based on this analysis, good cause does not exist to grant an extension of discovery.

**B. Plaintiffs Have Not Established Good Cause To Extend The Expert Designation Deadline**

The Court also finds that Plaintiffs have not established good cause for a continuance of the expert designation deadline. On February 23, 2007, Defendants timely made their expert disclosures. Plaintiffs did not disclose any experts, nor did they seek the Court's permission for an extension of the expert designation deadline. Indeed, on March 12, 2007, the parties filed a joint stipulation seeking an extension of the dispositive motion, pretrial, and trial dates. (Doc. ##20, 21.) The parties did not, however, request a continuance of the discovery or expert deadlines. For the same reasons as those stated above, the Court finds that Plaintiffs' current motion comes as a result of counsel's lack of diligence. Accordingly, good cause does not exist to grant an extension of the expert designation deadline.

**C. Plaintiffs' Desire To Amend The Complaint**

Mr. Knox indicates that counsel has drafted an amended complaint and a motion for leave to file an amended complaint. As part of the instant motion, Plaintiffs base their request for a continuance of the various case deadlines on their desire to amend the complaint to name the unidentified individual

6

1 defendants. Under Rule 15(a), leave to amend is normally granted as a matter of course; after that point,
2 leave to amend is generally granted "unless amendment would cause prejudice to the opposing party,
3 is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 608. "Although delay
4 alone does not justify denial of leave to amend, undue delay plus prejudice to the opposing party may
5 justify denial of leave to amend." *Pembroke*, 1994 WL 443683, at *1. Moreover, in cases in which
6 there is a pending summary judgment motion, leave to amend may be denied where the plaintiff has not
7 made a "substantial showing" to support the amendment. *See, e.g., Oncology Therapeutics Network*
8 *Connection v. Virginia Hematology Oncology PLLC*, 2006 WL 334532, at *13 (N.D. Cal.); *see also*
9 *Maldonado v. City of Oakland*, 2002 WL 826801, at *4 (N.D.Cal.) (citing Schwarzer, Tashima &
10 Wagstaffe, Federal Civil Procedure Before Trial, § 8:420.1 (2002 ed.)). Further, in cases involving a
11 motion filed after a filing cut-off date established in a scheduling order, courts generally require a
12 plaintiff to meet the higher standard of "good cause" under Rule 16, with its focus on diligence. *See,*
13 *e.g., Hannon v. Chater*, 887 F. Supp. 1305, 1319 (N.D. Cal. 1995) ("Once the district court has issued
14 a pretrial scheduling order establishing an order for pretrial motions, Rule 16, not Rule 15, controls the
15 amendment of pleadings.").

16 Here, the combined undue delay and prejudice to Defendants necessitates denial of leave to
17 amend. Plaintiffs have known from the day of the incident that individual officers and paramedics were
18 involved in the incident, but they made no attempt to identify them prior to filing the complaint. Mr.
19 Knox argues that his is not a "civil rights" lawyer, but he does not deny Defendants' claim that he is an
20 experienced and well-regarded criminal defense attorney. It is unclear how a criminal defense attorney
21 would be unfamiliar with the fact that he could have obtained a copy of the publicly-available police
22 report and learned the identities of the officers involved in the incident even before initiating litigation.[1]

23 Further, Plaintiffs have not been diligent in seeking to amend the complaint, waiting until more
24 than two years after the filing of the initial complaint, more than eighteen months after initial disclosures
25 and the parties' Joint Case Management Statement disclosed the names of the officers and paramedics

---

[1] Indeed, as Defendants point out, the SFPD website provides instructions and a form for doing so: http://www.sfgov.org/site/police_index.asp?id=20212#copy.

involved in the incident, more than ten months after they were provided with a copy of the police report (which they could have obtained before filing suit), and more than three months after the dispositive motion cut-off and Defendants' filing of a summary judgment motion. Given this amount of time, Plaintiffs were clearly not diligent. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming denial of motion to amend raised "after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court"). As discussed above, Mr. Knox's stated inexperience and his participation in another trial in state court do not establish good cause for this lack of diligence.

**CONCLUSION**

Based on this analysis, the Court DENIES Plaintiffs' motion. As Defendants' summary judgment motion remains pending, the Court ORDERS Plaintiffs to file any opposition by March 20, 2008. Defendants shall file any reply by April 3, 2008, and the Court shall conduct a hearing on April 24, 2008 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: February 26, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

8